May 26, 1978

## 78-30   MEMORANDUM OPINION FOR THE GENERAL COUNSEL, CIVIL SERVICE COMMISSION

### Presidential Appointees—Removal Power—Civil Service Reform Act—Constitutional Law (Article II, § 2, cl. 2)

This is in response to your request for our opinion concerning whether the Special Counsel of the Merit Systems Protection Board (the Board), under the proposed Civil Service Reform Act of 1978, S. 2640, may be protected by statute from removal by the President except for specific cause. We have considered this specific question, as well as related issues, and we conclude that, under the framework contemplated by the present bill, the Congress may not properly limit the grounds for removal of the Special Counsel by the President. Under the Constitution, such an officer must be removable at will by the President.

The Special Counsel is to be appointed by the President, with the advice and consent of the Senate, for a term of 7 years. § 1204. The question of Congress' authority to delimit the President's power to remove an official so appointed depends on the official's functions. *Wiener* v. *United States,* 357, U.S. 349, 353 (1958); *Humphrey's Executor* v. *United States,* 295 U.S. 602, 631 (1935).

The functions of the Special Counsel are set forth in both the draft bill, see § 1206, and the reorganization plan which divides the functions of the Civil Service Commission between two agencies, the Office of Personnel Management and the Board. The primary duties of the Special Counsel will be: (1) to receive and investigate allegations of prohibited practices specified in § 2302(b) and § 1206(f)(1); and (2) to initiate, and prosecute before the Board, cases involving prohibited practices.

In our opinion, the Special Counsel's functions are executive in character. Even though the Special Counsel will present cases only to the Board, his or her role in investigating and prosecuting prohibited practices is much the same as that of a U.S. Attorney or other Federal prosecutors.. His duties are directed at the enforcement of the laws, a function that the Constitution entrusts to the

executive branch. *See, Buckley* v. *Valeo,* 424 U.S. 1, 138 (1976); *Springer* v. *Philippine Islands,* 277 U.S. 189, 202 (1928).

Because the Special Counsel will be performing largely executive functions, the Congress may not restrict the President's power to remove him. While there are no judicial decisions dealing with an official such as the Special Counsel, the principle of *Myers* v. *United States,* 272 U.S. 52 (1926), applies. That decision, even though subsequently delimited to apply only to "purely executive officers," *Humphrey's Executor* v. *United States, supra,* at 627-28, still stands for the proposition that officials exercising primarily executive functions must be removable at the discretion of the President. The decision in *Morgan* v. *Tennessee Valley Authority,* 115 F. (2d) 990, 993-94 (6th Cir. 1940) that *Humphrey's Executor* did not apply to an agency that exercised "predominantly an executive or administrative function," further supports this position.

We recognize that the Special Counsel is in a somewhat different position than most officials performing executive functions. First, as "Special Counsel of the Merit Systems Protection Board," § 1204, he is affiliated with a quasi-judicial body whose officials may be legitimately exempted from removal at the pleasure of the President. The Special Counsel is to be appointed to a defined term by the President with the advice and consent of the Senate, and he is to perform his vested responsibilities without any direction from the Board. This statutory scheme is modeled on the statute provided for the General Counsel of the National Labor Relations Board (NLRB). 29 U.S.C. § 153(d), and the purposes here are the same as those underlying that statute—*i.e.,* to give the Special or General Counsel independence to investigate and prosecute complaints of prohibited practices. *See* H. Rept. No. 510, 80th Cong., 1st sess., 37 (1947), discussing the status of the NLRB General Counsel. The Special Counsel has a status independent of and apart from the Board.[1] By virtue of this status, he is divorced from the Board's quasi-judicial functions; he will not participate in any adjudicatory decisions; nor is he intended to serve the Board, any more than any other prosecutor, in making those decisions. It is only the quasi-judicial or quasi-legislative nature of an official's duties that justify a measure of independence from Presidential control (*Wiener* v. *United States,* supra, at 353; *Humphrey's Executor* v. *United States, supra,* at 629-30). We believe that the Special Counsel's affiliation with a quasi-judicial body does not justify a status independent of the President.

Further, because the Special Counsel will be performing functions similar to those performed by "prosecuting" attorneys in other independent agencies, he may be granted the same measure of independence. For example, the appointment and supervision of those employed by the Federal Trade Commission lies with the Chairman of that Commission, Reorganization Plan No. 8 of

---

[1] Indeed, the Special Counsel will be even more independent of the Board than the General Counsel is with respect to the NLRB. Unlike the statute pertaining to the NLRB General Counsel, 29 U.S.C. § 153(d), there is no provision in the bill or the reorganization plan that expressly provides that the Board may assign functions or duties to the Special Counsel.

1950, § 1(a), 15 F.R. 3175, 64 Stat. 1264, May 24, 1950, and presumably restrictions on the President's power of removal flow from this provision, the status of the FTC, and the decision in *Humphrey's Executor* v. *United States, supra.* However, these attorneys are appointed and supervised by the Chairman and they partake in the FTC's quasi-judicial and quasi-legislative functions. Even if they perform some executive functions—*i.e.,* investigation or prosecution—they do so "in the discharge and effectuation of [the FTC's] quasi-legislative or quasi-judicial powers." *Humphrey's Executor* v. *United States, supra,* at 623. The Special Counsel does not operate in this context. He is independent of the quasi-judicial body and bears the same relation to that body as Federal prosecutors bear to the Federal courts. While he will prosecute cases before the Board, he does not partake in any way in the quasi-judicial process.[2]

We believe that the Congress may not condition the President's power to remove the Special Counsel. The decisions in *Humphrey's Executor* and *Weiner* do not extend to an officer appointed by the President with the advice and consent of the Senate, who performs predominantly executive functions and who, by reason of the statutory scheme, is independent of the quasi-judicial process.

LARRY A. HAMMOND
*Acting Assistant Attorney General*
*Office of Legal Counsel*

---

[2]There is an additional Special Counsel's function that is purely executive in nature. Sections 1206(h)(2) and (i) specify that the Special Counsel is empowered to investigate allegations of prohibited personnel practices by Presidential appointees. When he finds sufficient evidence to justify disciplinary action he should report the matter directly to the President. While this may not be a major part of his duties, it is one of his most important responsibilities. It is also one that is unquestionably executive in nature, involving no nexus with the quasi-judicial functions performed by the Board.